## CIRCUIT COURT OF CHESTERFIELD COUNTY

First Federal

    v.

Brooks

February 1, 1988

Case No. 2076-87

By JUDGE HERBERT C. GILL, JR.

At oral argument both parties to this action stipulated the relevant facts and asked the Court to rule whether defendant is barred from collecting a deficiency judgment against plaintiff when the motor vehicle was offered for public sale on two occasions and plaintiff was not notified of the second sale offering. The parties stipulated that the plaintiff was notified of the first sale, but no reasonable offer was made at that time and the vehicle was held over for sale a second time.

This Court finds that plaintiff's original purchase of the automobile from Haley Pontiac was a secured transaction. Therefore, the relevant code section which applies in this case is Va. Code Section 8.9-504(3) (1987 Cum. Supp.) (Secured Transactions) rather than Section 8.2-706 (Sale of Goods). Va. Code Section 8.9-504(3) states, in relevant part "reasonable notification of the time and place of any public sale. . . shall be sent by the secured party to the debtor. . . ."

I find that the notice given to the defendant was commercially reasonable, as defined by the Uniform Commercial Code as enacted in this Commonwealth. Notice of the first sale gave the defendant sufficient information regarding the status of the automobile and its pending

disposition. Judgment is granted to the plaintiff in the amount sued for along with the attorney fees provided for in the contract and court costs.